Bart Virden, Judge, dissenting. I agree with the majority that the lower court’s findings that the credit-card debt was marital property to be equally divided was not clearly erroneous. I write separately because I disagree with the conclusion that the award of $12,000 representing Camme’s equity interest in James’s nonmarital property was appropriate in this instance. With respect to the division of property, we -conduct a de novo review, and we will affirm the trial court’s findings of fact unless they are clearly erroneous. Farrell v. Farrell, 365 Ark.-465, 469, 231 S.W.3d 619,- 622 (2006). .. Here, the lower court found “that the entirety ■ of the marital home is marital property with the exception of the initial $11,000 down payment,” and that “[t]he conduct of the parties” led the court to believe that, “the intention of the parties when this property was purchased was to make it a marital home and as such, they have added to and treated the property as marital,” Because James owned the property prior to marrying Camme, the finding that the. home was marital property was clearly erroneous, and the majority agrees. See Box v. Box, 312 Ark. 550, 554, 851- S.W.2d 437, 440 (1993) (“Appellee owned these properties prior to marrying appellant. Section 9-12 — 315(b)(1) Ifltherefore excepts these two properties from the definition of marital property. In . other more affirmatively phrased words, these two properties are classified as non-marital properties.”). Our division-of-property statute requires that all marital property shall be distributed one-half to each party unless the court finds such a division to be inequitable, in which case it may make some other division after considering the factors enumerated in the subdivision of the statute. Ark. Code Ann. •§ 9-12-315(a)(l)(A). It further provides that all other property shall be returned to the party who owned it prior to marriage, unless it deems some other division more equitable, again taking into consideration the (a)(1) .subdivision factors. Ark. Code Ann. § 9-12-315(a)(2). The majority agrees that the trial court’s finding that the home was marital property is clearly erroneous. Using its power under a de novo review, it contends, however, that the award itself was not clearly erroneous because the lower court “treated the home as nonmarital property under section 9-12-315(a)(2),” and because Camme was entitled to “some benefit” because marital funds were used to pay the mortgage and make improvements on James’s separate property. While I agree that, pursuant to a proper analysis under Box and its successors, Camme is indeed entitled to some interest in the home and its equity, the majority’s reasoning confuses the difference between “equitable” and “equal” and .places itself in the position of the trial' -judge. ■ Furthermore, to claim the trial court “treated the home as non-marital property” categorically ignores the unambiguous wording of the trial court that “that the |inentirety of the marital home is marital property with the exception of the initial $11,000 down payment.” If the lower court ha'd been correct that the home, less the down payment, was marital property, then returning the $11,000 down payment to James and then making the equal distribution of $12,000 to each party would have been appropriate under our statute. But because the lower court erred in concluding the home was marital, it could not have possibly taken into consideration the (a)(1) subdivision factors to make “some- other division” as required in section 9-12-315(a)(2). Nor can I say-that the one sentence provided in the order that “the intention of the parties when-this property was purchased was to make it a marital home and as such, they have added to and treated the property as marital” adequately satisfies the statutory requirement that, in making such a division “the court must state in writing its basis and reasoning for not returning the property to the party who owned it at the time of the marriage.” Ark. Code Ann. § 9-12-315(a)(2). To affirm-here would require us to act as a super fact-finder and to rely too heavily on conjecture, . That I will not do. If, in fact, the trial court had found it equitable to award “some benefit” to Cam-me from James’s separate property, it should have stated its reasoning for doing so pursuant to the statute. As such, I would reverse and remand with the instruction to divide the property in a manner consistent with section 9-12-315(a)(2) and our supreme court’s holding in Box. Hixson, J., joins.